**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RONY GUILLERMO CARRILLO DAMIAN,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1836-D** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner filed this 28 U.S.C. § 2241 habeas corpus petition on July 20, 2026, seeking release from immigration detention. Doc. 1. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 3. The undersigned recommends the Court dismiss the petition without prejudice based on Petitioner's failure to follow the Court's rules and orders and to prosecute this action.

## I. Discussion.

On July 24, 2026, the Court ordered Petitioner to pay the filing fee or submit an in forma pauperis (IFP) application. Doc. 4. The undersigned warned Petitioner that if he failed to comply with the Court's order to cure by August 14, 2026, his case would be subject to dismissal. *Id*. at 1-2. As of this

date, Petitioner has neither paid the $5.00 filing fee nor submitted an IFP application.

The Clerk of Court mailed a copy of the order and the forms to Petitioner at the address he provided the Court. *Id.* (Staff notes). The Postmaster returned the mail as undeliverable, but Petitioner has not updated his address with the Court as required by LCvR5.4. This Rule states that "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4.[1]

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the petitioner "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit sua sponte dismissal. *Huggins v. Sup. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list

[1] The undersigned's review of the Government's detainee locator yielded no results for Petitioner. *See* https://locator.ice.gov/odls/#/results (last visited August 18, 2026).

of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

Petitioner appears pro se, but he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Petitioner's failure to comply with this Court's orders and rules, together with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedures or court's orders"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 8, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Petitioner that failure to make timely objection to this Report and Recommendation waives his right to appellate

review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE